IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

TRUSTEES OF THE WEST VIRGINIA
LABORERS' PENSION TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' PROFIT SHARING PLAN TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' TRAINING TRUST FUND;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' EMPLOYERS COOPERATION AND EDUCATION TRUST;
TRUSTEES OF THE WEST VIRGINIA
LABORERS' ORGANIZING FUND;
WEST VIRGINIA LABORERS' LOCAL NO. 379;
WEST VIRGINIA LABORERS' LOCAL NO. 984;
WEST VIRGINIA LABORERS' LOCAL NO. 1085;
WEST VIRGINIA LABORERS' LOCAL NO. 1149;
WEST VIRGINIA LABORERS' LOCAL NO. 1353;
WEST VIRGINIA LABORERS' POLITICAL LEAGUE; and
WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL
ACTION COMMITTEE,
                Plaintiffs,

v.                              CIVIL ACTION NO. 2:19-cv-00807

THE EARLY CONSTRUCTION CO., a West Virginia Company,
                Defendant.

**COMPLAINT FOR MONETARY DAMAGES AND EQUITABLE RELIEF**

Your Plaintiffs respectfully complain and say unto the Court as follows:

1.      Jurisdiction of the Court is invoked under the provisions of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act (MPPAA), 29 U.S.C. §§1132(g) and 1145, and under Section 301 of the Labor Management Relations Act of 1974, (LMRA), 29 U.S.C. § 185.

2. Plaintiffs, West Virginia Laborers' Pension Trust Fund ("Laborers' Pension Fund"), West Virginia Laborers' Trust Fund ("Laborers' Health and Welfare Fund"), West Virginia Laborers' Profit Sharing Plan Trust Fund ("Laborers' Profit Sharing Fund") and, West Virginia Laborers' Training Trust Fund ("Laborers' Training Fund") are non-profit organizations operated for the purpose of providing pension, health and welfare, annuity, and training benefits to participating members, and each constitute an "Employee Benefit Plan "as defined by ERISA. These funds are multi-employer plans under Section 3(37) (A) of ERISA, 29 U.S.C. § 1002 (37) (A). Plaintiffs' Laborers' Pension Fund, Laborers' Health and Welfare Fund, and Laborers' Profit Sharing Fund offices are located in Charleston, West Virginia.

3. The ERISA Funds bring this action by and through their trustees. The trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21).

4. Plaintiffs' West Virginia Laborers' Local No. 379 ("Local 379"), West Virginia Laborers' Local No. 984 ("Local 984"), West Virginia Laborers' Local No. 1085 ("Local 1085"), West Virginia Laborers' Local No. 1149 ("Local 1149"), and West Virginia Laborers' Local No. 1353 ("Local 1353") are designated to receive employee dues withheld by the Defendants from the paychecks of participating employees/union members; are affiliated with the Laborers' International Union of North America, and together comprise a labor organization representing employees for collective bargaining purposes; and is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

5. Plaintiffs' West Virginia Laborers' Employers Cooperation and Education Trust ("LECET"), West Virginia Laborers Organizing Fund ("Organizing Fund"), West Virginia Laborers Political League ("Political League") and West Virginia Laborers' District Council

Political Action Committee ("WVLDC-PAC") are non-profit employee funds designated to receive employer contributions and/or employee deductions from the Defendants.

6.  Defendant The Early Construction Co. is a West Virginia Company, and at all times pertinent hereto, was actively engaged in the construction business in the State of West Virginia. The Defendant is an "employer" as defined by ERISA.

7.  Defendant is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7).

8.  Venue and jurisdiction are properly conferred upon this Court by 29 U.S.C. §§ 185(a) and (c).

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENTS AND PLAN DOCUMENTS

9.  The foregoing paragraphs are incorporated in this count of the complaint by reference.

10. At all times relevant and material hereto, Defendant The Early Construction Co. was bound to the terms and conditions of a collective bargaining agreement; the Building Construction Agreement.

11. The above referenced CBA includes a recognition clause designating the Laborers' union as the exclusive representative of all employees in the classification of work covered in the instant CBA. Said CBA also includes a union shop clause that requires that all employees that are not union members when the CBA is entered into or who are hired after entering into the CBA must become union members. Acceptance of Agreements of the CBA are signed and

executed by authorized representatives of the Defendant.

12. Pursuant to the CBA Defendant The Early Construction Co. is obligated to report and pay to Plaintiffs certain hourly contributions on behalf of employees who are covered by the CBA. The Defendant The Early Construction Co. has failed to timely meet this obligation and has committed a breach of contract.

13. Pursuant to the CBA the Defendant The Early Construction Co. is obligated to report, withhold and pay to Plaintiffs certain deductions from employees who are covered by the CBA. Defendant The Early Construction Co. has failed to timely meet this obligation and has committed a breach of contract.

14. Based upon information and belief, the Plaintiffs allege that Defendant The Early Construction Co. has not paid the full amounts Defendant The Early Construction Co. is obligated to contribute and/or withhold pursuant to the CBA and has committed a breach of contract.

15. Pursuant to the CBA Defendant The Early Construction Co. is obligated to report and pay to Plaintiffs certain hourly contributions on behalf of all of its employees (employer contributions) who are covered by the CBA.  The Defendant The Early Construction Co. has failed to timely meet this obligation and has committed a breach of contract.

16. Pursuant to the CBA the Defendant The Early Construction Co. is obligated to report, withhold and pay to Plaintiffs certain deductions from employees (employee contributions) who are covered by the CBA.  The Defendant The Early Construction Co. has failed to timely meet this obligation and has committed a breach of contract.

17. Pursuant to the respective CBA, the Defendant The Early Construction Co. is obligated to

report, withhold and pay to Plaintiffs certain deductions from employees who are covered by the CBA. The Defendant The Early Construction Co. has failed to timely meet this obligation and has committed a breach of contract.

18. Based upon information and belief, the Plaintiffs allege that Defendant The Early Construction Co. has not reported accurately and has not paid the full amounts Defendant The Early Construction Co. is obligated to contribute and/or withhold pursuant to the respective CBA, and has committed a breach of contract.

19. Pursuant to the CBA and the plans, documents, and summaries of the aforementioned trusts, as referenced in the CBA, Defendant The Early Construction Co. is obligated to provide Plaintiffs access to Defendant The Early Construction Co.'s payroll records for the purpose of auditing the Defendant's payroll records in order to determine the amounts owed to Plaintiffs and if the Defendant The Early Construction Co. is correctly reporting and paying all withholdings and contributions.

20. Plaintiffs' auditor Steven P. Hardin, CPA, and his staff attempted to conduct a payroll audit of Defendant The Early Construction Co. for the period January 1, 2017, through December 31, 2018, but were denied access to the necessary records needed to conduct such an audit without making estimates, an acceptable method.

21. Your Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law, unless the Defendant The Early Construction Co. is required to comply with auditors by providing any requested payroll records covering the period from January 1, 2017, through December 31, 2018, to determine the true and accurate amount owed by the Defendant The Early Construction Co. pursuant to the CBA.

22. The Defendant The Early Construction Co. has failed to provide for unaccounted wages not explained by the Defendant, without any corresponding monetary contributions or withholdings, that evidences a delinquency and liability of not less than $60,328.89 for the period January 1, 2017, through December 31, 2018.

23. Your Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law, unless the Defendant The Early Construction Co. is required to pay Plaintiffs an amount not less than $60,328.89, plus liquidated damages, interest, attorney's fees and costs, and auditor's fees and costs, pursuant to the CBA and ERISA.

## COUNT TWO

24. The foregoing paragraphs are incorporated in this count of the complaint by reference.

25. Pursuant to the CBA as of the date of filing the instant complaint, Defendant The Early Construction Co. owes Plaintiffs an amount not less than $60,328.89 in liability not including interest and liquidated damages, reasonable attorneys' fees and costs, and audit costs, necessitated by the Defendants' failure to comply with the CBA and Federal law.

26. Unless the Defendant The Early Construction Co. is required to pay all contributions due and owing, Plaintiffs will suffer irreparable harm for which there is no other adequate remedy at law.

## COUNT THREE

27. The foregoing paragraphs are incorporated in this count of the complaint by reference.

28. Pursuant to ERISA and MPPAA, Defendant The Early Construction Co. is responsible for reasonable attorney fees and the costs incurred in this action together with the cost of any audits performed to determine liability.

29. Regarding Defendant The Early Construction Co. a copy of this Complaint will be served upon the Secretary of Labor and Secretary of Treasury as required by ERISA, 29 U.S.C. §1132(h).

**COUNT FOUR**

CONVERSION

30. The foregoing paragraphs are incorporated in this count of the complaint by reference.

31. The Defendant withheld deductions from union employees wages (union dues and political action contributions), and failed to report and pay to Plaintiffs those certain hourly deductions from employees who are covered by the CBA. Plaintiffs owned or had the right to possess said hourly deductions withheld by the Defendant.

32. The Defendant, without lawful justification, deprived the Plaintiffs the use and possession of union dues and political action contributions, intentionally exercising dominion and control over the union dues and political action contributions, interfering with the Plaintiffs' use and control of said union dues and political action contributions, causing Plaintiffs to suffer damages.

33. The Defendant's actions in regard to the withholding deductions for union dues and political action contributions and failing to report and pay to Plaintiffs those certain hourly deductions from employees who are covered by the CBA constitute conversion.

**PRAYER**

**WHEREFORE**, Plaintiffs pray this Court will, under 29 U.S.C. § 1132(g) (2):

1. Restrain and enjoin Defendant, its officers, agents, servants and all persons acting on its behalf or in conjunction with it from refusing to submit payroll records to complete a

payroll audit by the Plaintiffs;

2. Enter a declaratory Order that the Defendants engaged in prohibited transaction(s) under ERISA;

3. Enter a declaratory Order that the Defendants engaged in acts or omissions that constitute conversion;

4. Require Defendants to pay the cost of this proceeding, together with reasonable attorney fees necessary for the prosecution thereof;

5. Restrain and enjoin Defendants, its officers, members, agents, servants and all persons acting on its behalf or in conjunction with them from further work until the delinquent amounts are paid in full or a bond is posted in the amount of the delinquent contributions and penalties;

6. Restrain and enjoin Defendants, its officers, members, agents, servants, attorneys and all persons acting on its behalf or in conjunction with them from accurately completing, refusing, or failing to file accurate, complete and timely remittance reports and to timely pay all amounts due and owing to Plaintiffs for so long hereafter as Defendants are contractually required to do so; and

7. Award Plaintiffs such other and further relief against Defendants as the Court may deem meet and proper.

        TRUSTEES OF THE WEST VIRGINIA LABORERS'
        PENSION TRUST FUND;
        TRUSTEES OF THE WEST VIRGINIA LABORERS'
        TRUST FUND;
        TRUSTEES OF THE WEST VIRGINIA LABORERS'
        PROFIT SHARING PLAN TRUST FUND;
        TRUSTEES OF THE WEST VIRGINIA LABORERS'
        TRAINING TRUST FUND;
        TRUSTEES OF THE WEST VIRGINIA LABORERS'

EMPLOYERS COOPERATION AND EDUCATION TRUST;
TRUSTEES OF THE WEST VIRGINIA LABORERS' ORGANIZING FUND;
WEST VIRGINIA LABORERS' LOCAL NO. 379;
WEST VIRGINIA LABORERS' LOCAL NO. 984;
WEST VIRGINIA LABORERS' LOCAL NO. 1085;
WEST VIRGINIA LABORERS' LOCAL NO. 1149;
WEST VIRGINIA LABORERS' LOCAL NO. 1353;
WEST VIRGINIA LABORERS' POLITICAL LEAGUE;
and
WEST VIRGINIA LABORERS' DISTRICT COUNCIL-POLITICAL ACTION COMMITTEE,
    Plaintiffs by Counsel

  /s/Roger D. Williams
Roger D. Williams (W.Va. Bar No. 4052)
Williams Law Office pllc
1022A Bridge Road
Charleston, WV 25314
(304) 720-2434
(304) 720-2448 facsimile
roger@rogerwilliamslaw.com

9